```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                        AT BLUEFIELD
```

RACHEL BUSHEY,

    Petitioner,

v.                                  Civil Action No. 1:12-cv-0572

SANDRA BUTLER,
Warden, FPC Alderson,

    Respondent.


MEMORANDUM OPINION AND ORDER

Pending before the court are Petitioner's Application to Proceed in forma pauperis (Doc. No. 7) and Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in Federal Custody. (Doc. Nos. 1, 8).  By Standing Order, this action was referred to United States Magistrate Judge R. Clarke VanDervort for submission of findings and recommendation regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  Magistrate Judge VanDervort submitted to the court his findings and recommendation on March 27, 2012, in which he recommended that the court DENY Petitioner's Application to Proceed in forma pauperis and DISMISS Petitioner's Petition under Section 2241.

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge

1

VanDervort's Findings and Recommendation.  The failure of any party to file such objections within the time allotted constitutes a waiver of such party's right to a de novo review by this court.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989).

On April 13, 2012, Petitioner filed a Motion to Extend Time to File Objections to the Magistrate Judge's Proposed Findings and Recommendation ("PF&R"). (Doc. No. 15).  The court granted the motion, and the Petitioner filed her pro se Objection to the PF&R on April 24, 2012 (Doc. No. 17).  The court has reviewed de novo those portions of the PF&R to which the Movant objects and **FINDS** that the objections lack merit.  Accordingly, the court **ADOPTS** and incorporates herein the Magistrate Judge's PF&R.

FACTUAL AND PROCEDURAL BACKGROUND

On December 11, 2007, the Petitioner pled guilty to conspiring to steal U.S. mail, in violation of 18 U.S.C. § 371, and of stealing U.S. mail, in violation of 18 U.S.C. § 1708. United States v. Bushey, Case No. 1:07-cr-0264 (W.D. Mich. June 6, 2008) (Doc. Nos. 52 and 59).  On June 6, 2008, the United States District Court for the Western District of Michigan sentenced Petitioner to a 27 month term of imprisonment, to be followed by a three year term of supervised release.  (Id. Doc. Nos. 108 and 111).  The Petitioner filed her Notice of Appeal on June 18, 2008, and on June 19, 2009, the Sixth Circuit Court of

Appeals affirmed the Petitioner's sentence.  United States v. Bushey, 330 Fed. Appx. 540 (6th Cir. 2009).  The Petitioner's term of supervised released began on November 3, 2009, and was revoked on October 17, 2011.  (Criminal No. 1:07-cr-0264, Doc. Nos. 131 and 153).  A term of imprisonment was imposed for a total term of twelve (12) months.  Id. at Doc. No. 165.

On February 27, 2012, the Petitioner filed her instant pro se Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody.  (Doc. No. 1).  Petitioner alleges that the Bureau of Prisons ("BOP") is improperly denying her placement in the Mothers and Infants Nurturing Together (" MINT") program and 180 days placement in a Residential Re-Entry Center ("RRC").  By Order entered on February 28, 2012, Magistrate Judge VanDervort ordered that Respondent file an answer to the allegations contained in the Petitioner's Application.  (See Doc. Nos. 4 and 9).  Respondent attached the following exhibits to her Response, filed on March 8, 2012: (1) The Declaration of Tina Altizer, a Unit Manager at FPC Alderson (Doc. No. 9-1, pp. 1 - 6.); (2) A copy of Petitioner's "Inmate Skills Development Plan Program Review" dated December 5, 2011 (Id., pp. 7 - 18.); (3) A copy of Petitioner's "Inmate Skills Development Plan Program Review" dated February 21, 2012 (Id., pp. 20 - 33.); (4) A copy of Petitioner's "Classification Program Review dated November 17,

3

2011 (Id., p. 35.); and (5) A copy of the BOP's Operations Memorandum regarding "Mothers and Infants Nurturing Together at the Greenbrier Birthing Center" (Id., pp. 37 -38.). Petitioner filed a reply to the response on March 23, 2012 (Doc. No. 11).

ANALYSIS

Objection 1.

Petitioner first objects to the Magistrate Judge's finding that she was appropriately considered for MINT placement pursuant to 18 U.S.C. § 3621(b) and P.S. 7310.04. (Doc. No. 17 at p. 1). The Petitioner objects to this finding because "Judge VanDervort based his finding on either an erroneous documentation of P.S. 7310.04 and he utilized Unit Manager Tina Altizer's declaration as fact, despite Petitioner's detailed evidence of the falseness of several statements in Ms. Altizer's declaration." (Doc. No. 17 at p. 1).

Section 3621(b) grants the BOP the authority to designate a prisoner's place of imprisonment. The five factors to be considered when making this designation are:

   (1)   The resources of the facility contemplated;
   (2)   The nature and circumstances of the offense;
   (3)   The history and characteristics of the prisoner;
   (4)   Any statement by the court that imposed the sentence—
         A) Concerning the purposes for which the sentence to
            imprisonment was determined to be warranted; or

4

> B) Recommending a type of penal or correctional facility as appropriate; and

5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of Title 28.

18 U.S.C. § 3621(b)(2006).

The BOP offers a community residential program called Mothers and Infants Nurturing Together (MINT) for women who are pregnant at the time of commitment. The MINT program is a residential reentry center-based program that promotes bonding and parenting skills for low-risk female inmates who are pregnant.  The MINT Program at the Greenbrier Birthing Center allows an inmate to transfer to the program up to three months prior to delivery and remain in the program an additional 12 to 18 months to bond with the child. (Doc. No. 9-1, p. 37). The Respondent contends that in addition to the regular Community Corrections Center ("CCC") referral guidelines found in Program Statement 7310.04,[1] an inmate must also meet the following criteria to be eligible for placement in the MINT Program:

> (1) Must be pregnant (prior to sentencing date OR upon commitment) with expected delivery date prior to release;

---

[1] The purpose of Program Statement 7310.04 is to "provide guidelines to staff regarding the effective use of Community Corrections Centers."  P.S. 7310.04.

> (2) Must have community custody prior to transfer (no inmate who poses a significant threat to the community will ordinarily be referred);
>
> (3) Must have approval from institution Warden or sentencing judge;
>
> (4) Must volunteer and agree to participate in the program; and
>
> (5) The offender or guardian must assume financial responsibility for the child's medical care and support, while residing at the MINT facility.

(Doc. No. 9, Exhibit 1 at p. 4-5). The Respondent states that "the Unit Team, and in turn, the Warden, considered inmate Bushey's history and characteristics; her current offense conduct, which included drug use during her pregnancy; the resources of the MINT program; and the sentencing judge's orders, in accordance with 18 U.S.C. section 3621(b)." (Id. at p. 4).

Petitioner contends that she was arbitrarily denied admittance into the MINT Program based on the personal biases of the Unit Team. Petitioner states that she was told that there were no written criteria needed for an inmate to be approved for the MINT Program, and that it was in the sole discretion of the Unit Team. (Doc. No. 1, Exhibit 1, at p. 4). She also states that she was told by Ms. Altizer that her sentence was not long

6

enough. (Id. at p. 12). She objects to the fact that Judge VanDervort accepted as true Ms. Altizer's affidavit, which she states contains a "false coloring" of the facts. In particular, she disputes that the Unit Team followed § 3621(b)'s factors, because she states she was repeatedly told there was no criteria for placement in the MINT Program.

This court finds that the Petitioner's first objection is without merit. The court finds that the BOP appropriately considered the factors of § 3621 when making its decision. The Respondent states that the BOP considered the resources of the MINT program and the orders from the sentencing judge in this case when making its decision. See § 3621(b)(1),(4). It is clear from the Petitioner's own statements that the Unit Team considered the nature of the offense, which was using cocaine during a pregnancy.[2] See § 3621(b)(2). This is evidenced by the Petitioner's affidavit, which states that a member of her Unit Team responded to an inquiry about her denial into the MINT program "you should have thought of that before you [used]." (Doc. No. 1, Exhibit 1, at p. 4). The Unit, including Ms. Altizer, considered the history and characteristics of Ms. Bushey, including the fact that the Petitioner has admitted to

---

[2] The Petitioner claims that she did not know she was pregnant at the time she used the cocaine during her latest pregnancy. Even if this is true, the drug use indisputably violated the terms of her supervised release.

7

using drugs during her previous pregnancies, such to the point where her previous child had crack cocaine in its system at birth. (Doc. No. 9, Exhibit 1, pp. 2-3). Ms. Bushey admitted using crack cocaine on the day she gave birth, and testing revealed that she had used the substance 30, 60, and 90 days prior to giving birth to the child. Id. Ms. Altizer also noted that Petitioner has given birth to three children, none of whom she had legal custody of prior to her incarceration. Id. And the Unit Team specifically pointed out that it has been documented that Ms. Bushey has used illegal substances while pregnant with at least two of her children and possibly used illegal substances with all of them.[3] Id. From these statements, it is clear that the BOP considered the factors under § 3621(b) and found that she was not an ideal candidate for the MINT program, which involves less supervision and relaxed safety measures. The fact that the BOP did not specifically articulate to the Petitioner the criteria it considered for the MINT program does not mean it did not follow the guidelines of § 3621(b). Although the Petitioner laments the fact that "the reasons given for the denial were steeped in character judgments," her history and characteristics are precisely what is statutorily required to be considered. (Doc.

---

[3] The Respondent disputes this statement by Ms. Altizer, discussed infra, p. 11.

8

No. 1 at p.3); See § 3621(b).  Thus, the court **OVERRULES** the Petitioner's first objection.

Objection II.

Next, "Petitioner objects to Magistrate Judge R. Clarke VanDervort's finding that the Unit Team 'appropriately considered Petitioner for RRC placement pursuant to Section 3621(b),' because it is obvious that they did not do this in good faith."  (Doc. No. 17 at p. 7).  The BOP responds that it has fulfilled its obligation to review Petitioner for an RRC placement pursuant to 18 U.S.C. 3621(b).  Pursuant to 18 U.S.C. § 3624(c)(1) and the Second Chance Act:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. § 3624(c)(1)(2007).  As the Petitioner herself concedes, this court is very limited in the relief it may grant in reviewing the BOP's determination.[4]

---

[4] See 18 U.S.C. § 3621(b)(5) ("Any order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the Bureau under this section to determine or change the place of imprisonment of that person."); Syrek v. Phillips, No. 5:07-cv-111, 2008 WL 4335494 * 7 (N.D.W. Va. Sept. 17, 2009) (BOP is only required to consider the factors in 3621(b); even the invalidation of BOP regulations

9

The court's review is limited to determining whether the BOP considered the factors of § 3621(b), and the court has no legally binding power to change the placement of Petitioner. The record demonstrates that the Petitioner received individual consideration based on § 3621(b) factors, and that the BOP fulfilled its statutory duties in good faith. Thus, the Petitioner's second objection is **OVERRULED**.

Objection III.

The Petitioner's third objection is to the Magistrate Judge's finding "that Unit Manager Altizer's Declaration was not filed in bad faith and that Petitioner's assertion that it was a false coloring of the facts was . . .without merit." (Doc. No. 17 at p. 9). Petitioner points to three main assertions in Ms. Altizer's affidavit with which she disagrees: 1) the guidelines to the MINT program; 2) Ms. Altizer's statement that "based upon my experience with the program, MINT participants have more freedom than inmates still at an institution, in that they frequently go into the community . . . and have access to the

---

only entitles an inmate to have his CCC placement reviewed under the 5 factors in 3621(b)); Pierce v. Nelson, No. 1:07-cv-00680, 2009 WL 261466 * 1 (S.D.W. Va. Feb. 4, 2009) (BOP must consider the 5 factors in developing the release plan) (citing Phillips, 2008 WL 4335494); Specter v. Director Federal Bureau of Prisons, 2010 WL 883733, *5 (D.S.C. Mar. 5, 2010) (slip copy) (stating that "[u]nder these new regulations, an inmate presents a valid claim only if he is denied individual consideration based on § 3621(b) factors").

public and often limited staff supervision while in the community" and 3) Ms. Altizer's statement that Petitioner "has used illegal substances while pregnant with at least two of her children and possibly used illegal substances with all of them." Id. at p. 10. Petitioner asserts that these statements and/or opinions by Ms. Altizer demonstrate that this document was filed "in bad faith."

This court finds that there is no evidence that Ms. Altizer's statements are factually untrue, or are a false coloring of the facts. The fact that the Petitioner does not agree with the statements does not mean that they were not made in good faith. It is implied that the BOP, through the Unit Team and Ms. Altizer, was worried about the possibility of a relapse by the pregnant inmate, considering her prior actions with at least one of her other children. This does not demonstrate bad faith; instead, it is exactly the type of discretion that the Unit Team is statutorily required to exercise. Thus, the court **OVERRULES** Petitioner's third objection.

For the foregoing reasons, the court **OVERRULES** Petitioner's objections, **DENIES** Petitioner's Application to Proceed in forma pauperis (Doc. No. 7), and **DISMISSES** Petitioner's Petition under Section 2241 (Doc. No. 1, 8).

Additionally, the court has considered whether to grant a

11

certificate of appealability. See 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that the governing standard is not satisfied in this instance. Accordingly, the court **DENIES** a certificate of appealability.

The Clerk is further directed to forward a copy of this Memorandum Opinion and Order to Petitioner, pro se, and counsel of record.

**IT IS SO ORDERED** on this 12th day of June, 2012.

ENTER:

David A. Faber
Senior United States District Judge